## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
No. 13-036V
Filed: July 2, 2014
(Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MARILYN ZOLNOWSKY, *as the mother and natural guardian of A.J.B., a minor*,       Petitioner,<br>       v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br>       Respondent. | Stipulation; Rotavirus; Intussusception; Medicaid Lien; Attorney's Fees & Costs |

* * * * * * * * * * * * * * * * * * * * * * * *

*Sheila A. Bjorklund, Esq.,* Lommen Abdo Law Firm, Minneapolis, MN, for petitioner.
*Melonie J. McCall, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

### DECISION ON JOINT STIPULATION[1]

**Gowen,** Special Master:

Marilyn Zolnowsky ["petitioner"] filed a petition as the mother and natural guardian of A.J.B., a minor, for compensation under the National Vaccine Injury Compensation Program[2] on January 15, 2013.  Petitioner alleges that A.J.B. suffered intussusception that was caused in fact by the Rotavirus vaccinations she received on June 2, 2010, and August 4, 2010.  *See* Stipulation, filed June 30, 2014, at ¶¶ 2, 4.  Further, petitioner alleges that A.J.B. experienced residual effects of her injury for more than six months.  *Id.* at ¶ 4.  Respondent denies that the Rotavirus vaccine or any other vaccine caused A.J.B.'s intussusception or any other injury or her current disabilities.  *Id.* at ¶ 6.

Nevertheless, the parties have agreed to settle the case.  On June 30, 2014, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Respondent agrees to pay petitioner:

(a) **A lump sum of $6,000.00 in the form of a check payable to petitioner, Marilyn Zolnowsky as the guardian/conservator of A.J.B.'s estate. This amount represents compensation for all damages that would be available under § 300aa-15(a), except as set forth in paragraphs (b) and (c);**

(b) **A lump sum of $350.00 in the form of a check payable to petitioner, Marilyn Zolnowsky, for past unreimbursed medical expenses;**

(c) **A lump sum of $17,523.13, which amount represents reimbursement of a State of South Dakota Medicaid lien, in the form of a check payable jointly to petitioner and:**

> South Dakota Department of Social Services, Recoveries and Investigations
> South Dakota Department of Social Services
> Recoveries and Fraud Investigations
> 700 Governors Drive
> Pierre, South Dakota 57501-2291
> Case number:000268881
> Attn: Ms. Melanie McDonald

**Petitioner agrees to endorse this check to the appropriate State agency; and**

(d) **A lump sum of $13,600.00 in the form of a check payable jointly to petitioner and petitioner's attorney, Sheila A. Bjorklund, Esq., for attorneys' fees and costs available under § 300aa-15(e); and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.**

The special master adopts the parties' stipulation attached hereto, and awards compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/ Thomas L. Gowen
> **Thomas L. Gowen**
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

MARILYN ZOLNOWSKY, as the mother and  )
natural guardian of A.J.B., a minor,  )
                                       )
                   Petitioner,         )
                                       )
v.                                     )   No. 13-036V
                                       )   Special Master Gowen
SECRETARY OF HEALTH AND HUMAN          )   ECF
SERVICES,                              )
                                       )
                   Respondent.         )

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her minor daughter, A.J.B., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to A.J.B.'s receipt of the Rotavirus vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. A.J.B. received the Rotavirus vaccine on June 2, 2010, and August 4, 2010.

3. The vaccine was administered within the United States.

4. Petitioner alleges that A.J.B. suffered intussusception as a result of the vaccine and that she experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of A.J.B. as a result of her condition.

6. Respondent denies that the Rotavirus vaccine or any other vaccine caused A.J.B.'s intussusception or any other injury or her current disabilities.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $6,000.00 in the form of a check payable to petitioner as the guardian/conservator of A.J.B.'s estate. This amount represents all damages that would be available under 42 U.S.C. § 300aa-15(a), except as set forth in paragraphs 8.b. and 8.c.;
>
> b. A lump sum of $350.00 in the form of a check payable to petitioner for past unreimbursed medical expenses;
>
> c. A lump sum of $17,523.13, which amount represents reimbursement of a State of South Dakota Medicaid lien, in the form of a check payable jointly to petitioner and
>
> South Dakota Department of Social Services, Recoveries and Investigations
> South Dakota Department of Social Services
> Recoveries and Fraud Investigations
> 700 Governors Drive
> Pierre, South Dakota 57501-2291
> Case Number: 000268881
> Attn: Ms. Melanie McDonald
>
> Petitioner agrees to endorse this check to the appropriate State agency; and
>
> d. A lump sum of $13,600.00 in the form of a check payable jointly to petitioner and petitioner's attorney, Sheila A. Bjorklund, Esq., for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). In compliance with General Order No. 9, petitioner represents that she did not incur any personal expenses in proceeding on the petition.

2

9. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of A.J.B. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of A.J.B.'s estate under the laws of the State of South Dakota.

13. In return for the payments described in paragraph 8, petitioner, in her individual capacity and as legal representative of A.J.B., on behalf of herself, A.J.B., and A.J.B.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages,

3

loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.J.B. resulting from, or alleged to have resulted from, the Rotavirus vaccinations administered on or about June 2, 2010 and August 4, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about January 15, 2013, in the United States Court of Federal Claims as petition No. 13-036V.

14. If A.J.B. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that A.J.B. suffered intussusception or any other injury as the result of the Rotavirus vaccine or any other vaccine, or that her current disabilities are sequelae of her alleged vaccine-related injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and assigns as legal representatives of A.J.B.

END OF STIPULATION

/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*/s/ Marilyn Zolnowsky*
MARILYN ZOLNOWSKY

ATTORNEY OF RECORD FOR
PETITIONER:

*Kate G. Westad*
*for Sheila A.*
*Bjorklund*

*/s/*
SHEILA A. BJORKLUND, ESQ.
Lommen Abdo Law Firm, P.A.
80 South Eighth Street, Suite 2000
Minneapolis, MN 55402
Phone: (612) 336-9312

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*/s/ Vincent J. Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*/s/*
A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 6/30/14

ATTORNEY OF RECORD FOR
RESPONDENT:

*/s/ Melonie J. McCall*
MELONIE J. McCALL
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098

6